**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| UNIQUE ROBINSON<br>c/o Thomas P. Sexton Law Office<br>580 S High Street, Suite 130<br>Columbus, Ohio 43215<br><br>*On Behalf of Herself and All*<br>*Other Similarly Situated Individuals*<br><br>    PLAINTIFF[1],<br><br> v.<br><br>CONFIDENTIAL GENTLEMEN'S CLUB, LLC<br>1962 Lake Club Drive<br>Columbus, Ohio 43232<br><br>SERVE:  Jerrall D. Collier, Registered Agent<br>1962 Lake Club Drive<br>Columbus, Ohio 43232<br><br>    DEFENDANT. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No:<br><br><br>Judge: |

**********************************************************************

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.  This is a class and collective action brought by Plaintiff Unique Robinson ("Plaintiff") against Defendant Confidential Gentlemen's Club, LLC (hereafter "the Club" or "Defendant").

2.  The class and collective is composed of individuals who, during the relevant time period of August 2018 through the date of judgment in this case ("the relevant period"), worked as female exotic dancers for Defendant at its Confidential Gentlemen's Club in Columbus, Ohio, and were denied their fundamental rights under applicable state and federal laws.

---

[1] To avoid retaliation, Plaintiff has used the mailing address of her attorney.

3. Specifically, Plaintiff complains that Defendant misclassified Plaintiff and all other female exotic dancers that work or worked at Defendant's Confidential Gentlemen's Club during the relevant period, when they should have been classified as "employees."

4. As a result, Defendant failed to pay Plaintiff and all other members of the class and collective minimum wage compensation they were entitled to under the Federal Fair Labor Standards Act ("FLSA") and the Ohio Minimum Wage Law ("OMWL").

5. Plaintiff brings this class and collective action against Defendant seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

6. Plaintiff is an adult resident of Columbus, Ohio.

7. Plaintiff hereby affirms her consent to participate as a plaintiff and class representative in a class and collective action under the FLSA and the OMWL.

8. Defendant is a limited liability company, formed under the laws of Ohio, that does business under the trade name "The Confidential Gentlemen's Club" and operates as a gentlemen's club featuring female exotic dancers at the address 1962 Lake Club Drive, Columbus Ohio, 43232.

9. During the relevant period, Defendant qualified as Plaintiff's employer and the employer of all other female exotic dancers at the Club, within the meaning of the FLSA and OMWL.

10. During the relevant period, the Club had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

11. This Court has personal jurisdiction over the Club, has "federal question" subject matter

jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated OMWL state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## **FACTS**

12. Plaintiff was employed by Defendant as a female exotic dancer at its Confidential Gentlemen's Club in Columbus, Ohio, for the period of about 2017 through about March 2021.

13. During the period of Plaintiff's employment, the number of shifts Plaintiff worked varied from week to week.

14. During the period of Plaintiff's employment, the exact number of hours Plaintiff worked varied from week to week.

15. While employed, Plaintiff customarily worked four (4) to six (6) shifts per week for a total of about thirty (30) to forty (40) hours per week.

16. On information and belief, Defendant has possession of time and/or sign in "house fee" payment records for Plaintiff and all other exotic dancers employed by Defendant during the relevant period.

17. At all times, Defendant had actual knowledge of all hours Plaintiff and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff's work duties and the work duties of other exotic dancers at the club.

18. At no time during Plaintiff's period of employment did Defendant ever pay Plaintiff or any other female exotic dancers any wages for hours that Plaintiff and other female exotic dancers worked each week.

19. At all times relevant, Defendant totally failed to pay wages or any kind of compensation

to Plaintiff and all other female exotic dancers for work duties performed.

20. At all times relevant, Defendant misclassified Plaintiff and all other female exotic dancers at its Confidential Gentlemen's Club as independent contractors when these individuals should have been classified under the FLSA and OMWL as employees.

21. At all times relevant, Defendant controlled all aspects of the job duties Plaintiff and all other female exotic dancers performed inside its Confidential Gentlemen's Club through employment rules and workplace policies.

22. At all times relevant, Defendant controlled the method by which Plaintiff and all other female exotic dancers could earn money inside its Confidential Gentlemen's Club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

23. At all times relevant, Defendant required Plaintiff and all other female exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

24. Defendant hired Plaintiff and all other female exotic dancers and, at all times relevant, Defendant had full authority and ability to discipline them, fine them, fire them, and adjust their work schedules.

25. At all times relevant, Defendant, through supervisors and managers, supervised the exotic dancer duties of Plaintiff and all other female exotic dancers to make sure their job performance was of sufficient quality.

26. Defendant conducted initial interviews and vetting procedures for Plaintiff and all other female exotic dancers and, at Defendant's sole discretion, Defendant's management and/or ownership could deny Plaintiff or any other female exotic dancer access or ability to dance

and/or work at Defendant's Confidential Gentlemen's Club.

27. At all times relevant, Defendant had the right to suspend or send Plaintiff or any other female exotic dancer home and away from its Confidential Gentlemen's Club if Plaintiff or any other dancer violated Defendant's rules or policies or if Defendant's ownership or management at the Confidential Gentlemen's Club did not want Plaintiff or any other female exotic dancer the Confidential Gentlemen's Club.

28. As a condition of employment with Defendant, Plaintiff and other dancers were not required to have or possess any requisite certification, education, or specialized training.

29. At all times relevant, Defendant was in the business of operating its Confidential Gentlemen's Club, a night club in Columbus, Ohio, featuring female exotic dancers.

30. At all times relevant, it was the job duty of Plaintiff and each other female exotic dancer to perform as exotic dancers for Defendant's customers at Defendant's Confidential Gentlemen's Club.

31. In addition to failing to pay Plaintiff and all other female exotic dancers any wages for hours worked, Defendant required Plaintiff and all other female exotic dancers to pay Defendant or its agents a house fee and other kickbacks of about $100.00 or more for each shift Plaintiff and the other female exotic dancers worked for Defendant at its Confidential Gentlemen's Club.

32. At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned to management tips and gratuities Plaintiff and other female exotic dancers received from customers of Defendant's Confidential Gentlemen's Club.

33. On information and belief, Defendant, and/or its management, had actual or constructive knowledge of ongoing or past litigation by female exotic dancers against gentlemen's clubs like

Defendant's Confidential Gentlemen's Club in which the female exotic dancers challenged their independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA state wage and hour laws.

34. On information and belief, Defendant, and/or his management, had actual or constructive knowledge that courts in Ohio and across the country in ongoing or past litigation have found that female exotic dancers like Plaintiff and other female exotic dancers at Defendant's Confidential Gentlemen's Club were employees and not independent contractors and are/were owed minimum wage compensation under the FLSA, the OMWL, and other state minimum wage laws.

35. For the entire period relevant to this action, Defendant has had actual or constructive knowledge that Plaintiff and other female exotic dancers at Defendant's Confidential Gentlemen's Club were misclassified as independent contractors instead of as employees and that Defendant's failure to pay wages and charging unlawful kickbacks to Plaintiff and other female exotic dancers was in direct violation of the FLSA and the OMWL.

## CLASS ALLEGATIONS

36. Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

37. The Rule 23 Class is defined in this matter as all individuals, who at any time during the relevant period, worked for Defendant as female exotic dancer at Defendant's Confidential Gentlemen's Club in Columbus, Ohio, but were classified by Defendant as an independent contractor and therefore, were not paid minimum wage compensation as required by the OMWL (hereinafter, "the Class").

38. On information and belief, the Class are believed to exceed fifty (50) current and former

female exotic dancers at Defendant's Confidential Gentlemen's Club and is therefore so numerous that joinder of all members is impracticable.

39. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members, including, but not limited to:

    i. Whether Defendant violated the OMWL by misclassifying all female exotic dancers at Defendant's Confidential Gentlemen's Club as "independent contractors," as opposed to employees, and not paying them any wages;

    ii. Whether Defendant unlawfully required class members to split their tips with Defendant and and/or Defendant's managers;

    iii. Whether the monies given to dancers by patrons when they perform private and semi-private dances are gratuities or "service fees."

    iv. Whether Defendant violated the OMWL; and

    v. The amount of damages and other relief (including statutory liquidated damages) Plaintiff and the Class are entitled to.

40. Plaintiff's claims are typical of those of the Class.

41. Plaintiff, like other members of the Class, was misclassified as an independent contractor and denied her rights to wages and gratuities under the OMWL.

42. Defendant's misclassification of Plaintiff was done pursuant to a common business practice which affected all Class members in a similar way.

43. Plaintiff and the undersigned counsel are adequate representatives of the Class.

44. Given Plaintiff's loss, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the Class.

45. Plaintiff has no interests that are antagonistic to those of the Class or that would cause

them to act adversely to the best interests of the Class.

46. Plaintiff has retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

47. This action is maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

48. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## **COLLECTIVE ACTION ALLEGATIONS**

49. Plaintiff is pursuing this lawsuit as collective action under FLSA Section 216(b) on behalf of herself and all other similarly situated individuals who, at any time during the relevant period, worked for Defendant at its Confidential Gentlemen's Club in Columbus, Ohio, as a female exotic dancer and was classified by Defendant as an independent contractor and not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

50. Plaintiff and the members of the Collective are similarly situated because each were (1) improperly classified as independent contractors; (2) were not paid any wages by Defendant for hours worked; (3) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

51. Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, each are owed payment for all hours worked in an amount equal to the "free

8

and clear" Federal Minimum Wage of $7.25 per hour; plus statutory liquidated damages as provided by Federal law for Defendant's failure to pay minimum wage compensation as required by the FLSA.

52. On information and belief, Defendant has employed at least fifty (50) current and former female exotic dancers at its Confidential Gentlemen's Club in the past three (3) years.

53. On information and belief, Defendant is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant its Confidential Gentlemen's Club in the past three (3) years.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
**(Failure to Pay Statutory Minimum Wages)**

54. Plaintiff hereby incorporates the preceding paragraphs by reference as if fully set forth herein.

55. The FLSA required Defendant to pay Plaintiff and other similarly situated female exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

56. The FLSA required that Defendant allow Plaintiff and other similarly situated female exotic dancers to keep all tips and gratuities received from customers.

57. As set forth above, Defendant failed to pay Plaintiff and other similarly situated female exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

58. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other female exotic dancers and belonging to Plaintiff and other female exotic dancers.

59. Defendant's failure to pay Plaintiff and other similarly situated female exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

## COUNT II
## VIOLATION OF OHIO MINIMUM WAGE LAW
### (Failure to Pay Statutory Minimum Wage)

60. Plaintiff hereby incorporates the preceding paragraphs by reference as if fully set forth herein.

61. The OMWL required Defendant to pay Plaintiff and other similarly situated female exotic dancers at an hourly rate at least equal to the Ohio Minimum Wage.

62. The OMWL required that Defendant allow Plaintiff and other similarly situated female exotic dancers to keep all tips and gratuities received from customers.

63. As set forth above, Defendant failed to pay Plaintiff and other similarly situated female exotic dancers at hourly rates in compliance with the OMWL Ohio Minimum Wage requirements.

64. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other female exotic dancers and belonging to Plaintiff and other female exotic dancers.

65. Defendant's failure to pay Plaintiff and other similarly situated female exotic dancers as required by the OMWL was willful and intentional and was not in good faith.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting Plaintiff's Class claims under the OMWL to proceed as a Class Action

under Federal Rule of Civil Procedure 23;

B. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

C. Judgment against Defendant for failing to pay "free and clear" minimum wage compensation to Plaintiff and other similarly situated individuals as required by the OMWL;

D. Judgment against Defendant for failing to pay "free and clear" minimum wage compensation to Plaintiff and other similarly situated individuals as required by the FLSA;

E. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiff and other similarly situated individuals;

F. Judgment that Defendant's violations of the OMWL minimum wage requirements were not the product of good faith on the part of Defendant;

G. Judgment that Defendant's violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendant;

H. Judgment that Defendant's violations of the OMWL minimum wage requirements were willful;

I. Judgment that Defendant's violations of the FLSA minimum wage requirements were willful;

J. An award to Plaintiff and those similarly situated in the amount of all "free and clear" unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

K. An award to Plaintiff and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendant and/or Defendant's management;

L. An award of statutory liquidated damages in amounts prescribed by the OMWL;

  M. An award of statutory liquidated damages in amounts prescribed by the FLSA;

  N. An award of attorneys' fees and costs to be determined by post-trial petition;

  O. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

  P. Such further relief as may be necessary and appropriate.

               Respectfully submitted,

Dated: August 12, 2021        THOMAS P. SEXTON LAW OFFICE

               */s/ Thomas Sexton*
               Thomas P. Sexton (Ohio Bar No.: 0051863)
               580 South High Street, Suite 130
               Columbus, Ohio 43215
               (614) 221-4788 – (Phone)
               (614) 221-0139 – (Fax)
               E-mail: tom@legalprac.com

               ZIPIN, AMSTER, & GREENBERG, LLC

               */s/ Gregg C. Greenberg*
               Gregg C. Greenberg (MD Fed. Bar No. 17291)
               (To Be Admitted Pro Hac Vice)
               8757 Georgia Avenue, Suite 400
               Silver Spring, Maryland 20910
               (301) 587-9373 (Phone)
               (240) 839-9142 (Fax)
               Email: GGreenberg@zagfirm.com

               *Counsel for Plaintiff and the Class / Collective*