UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNIQUE ROBINSON,**

      **Plaintiff,**

  v.                              **Civil Action 2:21-cv-4171**
                                     **Judge Sarah D. Morrison**
**CONFIDENTIAL GENTLEMAN'S**      **Magistrate Judge Chelsey M. Vascura**
**CLUB LLC,**

      **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Unique Robinson, brought this case against Defendant, Confidential Gentlemen's Club, LLC, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") and state law.  (ECF No. 1.)  The Court has federal-question jurisdiction over the FLSA claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.  This matter is before the Court upon Plaintiff's counsel's Motion to Withdraw as Attorney (ECF No. 16) and upon the Court's own Order to Show Cause why Plaintiff's Complaint should not be dismissed for want of prosecution (ECF No. 15).  For the reasons that follow, the Court **GRANTS** Plaintiff's counsel's Motion to Withdraw as Attorney (ECF No. 16) and **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

## I. Motion to Withdraw as Attorney

Plaintiff's attorney, Thomas P. Sexton, filed his Motion to Withdraw as Attorney on March 16, 2022.[1] (ECF No. 16.) As grounds for his Motion, Mr. Sexton represents that he has been unable to contact Plaintiff despite multiple attempts. Further, Mr. Sexton represents that he advised his client of his intent to file his Motion. (*Id.*) To date, Plaintiff has not objected to the Motion. The undersigned finds there is good cause to permit Mr. Sexton to withdraw as counsel for Plaintiff. Accordingly, the Motion (ECF No. 16) is **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** Mr. Sexton as counsel of record on the docket.

## II. Dismissal for Want of Prosecution

On March 2, 2022, this Court ordered Plaintiff to show cause within 14 days why her claims should not be dismissed for want of prosecution unless she moved for default judgment in the interim. (ECF No. 15.) That Order was based in part upon Southern District of Ohio Local Rule 55.1(b), which provides:

> If a party obtains a default but does not, within a reasonable time thereafter, file a motion for a default judgment, the Court may by written order direct the party to show cause why the claims upon which default was entered should not be dismissed for failure to prosecute.

The Court found that Plaintiff had applied for and obtained an entry of default from the Clerk pursuant to Federal Rule of Civil Procedure 55(a), (ECF Nos. 12, 14), but had not moved for default judgment pursuant to Rule 55(b). (ECF No. 15.) To date, Plaintiff has still not moved for default judgment, nor has she otherwise responded to the Court's Show Cause Order.[2]

---

[1] Mr. Sexton also files his Motion on behalf of Attorney Gregg C. Greenberg, the Thomas Sexton Law Office, and Zipin, Amster & Greenberg, LLC. (Mot. 1, ECF No. 16.) However, only Mr. Sexton is listed as counsel of record on the docket. No notice of appearance was filed indicating that Mr. Greenberg is counsel for Plaintiff or identifying either of these law firms.

[2] Plaintiff's former counsel represents that he was not authorized to move for default judgment on Plaintiff's behalf. (Mot. 2, ECF No. 16.)

The Court's inherent authority to dismiss a claim because of failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

A district court has the authority to dismiss an action under Rule 41(b) when it has put a party "on notice that further noncompliance would result in dismissal." *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate).  "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).  The Sixth Circuit directs district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "Although typically none of the factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."  *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff has failed to respond to the Court's Show Cause Order which put her on notice that her claims could be dismissed for failure to prosecute if she did not move for default judgment or otherwise respond. Plaintiff's failure to comply with the Court's Order, which established a reasonable deadline for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"); *see also Tarrier Steel Co. v. Wesex Corp.,* No. 2020 WL 996475, at *1 (S.D. Ohio Mar. 2, 2020) (dismissing crossclaim for failure to prosecute under Rule 41(b) after failure to respond to court order or make timely filing; noting dismissal "dismissal serve[d] the interests of docket management and avoiding unnecessary burdens on the courts and parties in this action"). Because Plaintiff failed to respond to the Court's Show Cause Order, the undersigned concludes that no alternative sanction would be appropriate. Nonetheless, the undersigned finds that dismissal with prejudice is too harsh a result.

Therefore, the undersigned **RECOMMENDEDS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

The Clerk is **DIRECTED** to send Plaintiff a copy of this Order and Report and Recommendation at the following address, which Plaintiff's former counsel represents is Plaintiff's last known address:

>  Unique Robinson
>  1062 E. 22nd Ave.
>  Columbus, Ohio 43211

(*See* Mot. 3, ECF No. 16.)

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within 14 days of the date of this Report, file and serve on all parties written objections to those specific

4

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    **IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE